KM

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Lester Bladimir Eguigure Avila,

                Petitioner,

v.

Luis Rosas, Jr., et al.,

                Respondents.

No.    CV-26-02632-PHX-DWL (ASB)

**ORDER TO SHOW CAUSE**

Petitioner, through counsel, filed this action under 28 U.S.C. § 2241 challenging his immigration detention.[1]  (Doc. 1.)

As alleged, Petitioner entered the United States in 2019 as an unaccompanied child and was granted Special Juvenile Status.  (*Id.* at 2.)  When Petitioner turned 18, he was transferred to adult custody.  (*Id.* at 6.)  After determining Petitioner was not a flight risk or danger to the community, the Department of Homeland Security (DHS) released him on parole.  (*Id.*)  In 2022, the Immigration Court administratively closed Petitioner's removal proceedings to allow Petitioner to seek relief with United States Citizenship and Immigration Services (USCIS).  (*Id.*)  In 2024, Petitioner filed an application to Adjust Status to Legal Permanent Resident (AOS), which remains pending.  (*Id.* at 6-7.)  Petitioner's parole status has been reviewed and approved several times by the Immigration

---

[1]    Petitioner also filed a Motion for Temporary Restraining Order (Doc. 2).  Because the Court is directing Respondents to promptly show cause why the Petition should not be granted, the Court finds Petitioner is not entitled to preliminary relief at this juncture. Therefore, the Court will deny the Motion without prejudice.

Court and DHS. (*Id.* at 2.) Nevertheless, on February 12, 2026, Petitioner was re-detained by Immigration and Customs Enforcement (ICE) officials without a pre-deprivation hearing. (*Id.*) On March 24, 2026, an Immigration Judge (IJ) terminated Petitioner's removal proceedings so that Petitioner could be released and continue to pursue his AOS application with USCIS. (*Id.* at 10.) However, DHS appealed the IJ's decision, so Petitioner remains detained in the Florence Correctional Center. (*Id.*)

Petitioner raises four claims for relief:

(1) Petitioner's Fifth Amendment rights were violated when he was re-detained without notice and without justification;

(2) Respondents have failed to establish a legitimate purpose for Petitioner's continued detention, in violation of the Fifth Amendment;

(3) Petitioner's arrest violated the Fourth Amendment's prohibition against arbitrary search and seizure; and

(4) Petitioner's detention violates the Immigration and Nationality Act and implementing regulations.

Respondents must show cause why the Petition should not be granted. Any response must be supported by documentary evidence including, if applicable, affidavits signed under penalty of perjury by individuals with personal knowledge of the factual statements made therein.

**IT IS ORDERED:**

(1) Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **denied without prejudice**.

(2) Counsel for Petitioner must immediately serve the Petition (Doc. 1) and a copy of this Order on Respondents.

(3) If not already issued, the Clerk of Court must issue any properly completed summonses.

(4) The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention

of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(5)     Respondents must show cause no later than **April 27, 2026**, why the Petition should not be granted.

(6)     Petitioner may file a reply no later than **April 29, 2026**.

Dated this 17th day of April, 2026.

_____
Dominic W. Lanza
United States District Judge

- 3 -