# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lester Bladimir Eguigure Avila, | No. CV-26-02632-PHX-DWL (ASB) |
| Petitioner, | **ORDER** |
| v. | |
| Luis Rosas, Jr., et al., | |
| Respondents. | |

On April 27, 2026, Respondents stated that they did not oppose Petitioner's "habeas petition or the requested relief of release from custody." (Doc. 9.) Accordingly, on April 28, 2026, the Court issued an order granting the habeas petition and ordering Respondents to "immediately release Petitioner from custody under the same conditions that existed before his detention." (Doc. 11.) On April 30, 2026, Respondents filed a purported "notice of compliance." (Doc. 13.) However, Petitioner then filed a motion to compel compliance, asserting that although he was released from custody, he was also "order[ed] to report to U.S. Immigration and Customs Enforcement (ICE)" and subjected to "other restrictions on his liberty that did not previously exist" and did not have his "driver's license and work permit . . . returned to him." (Doc. 14.) As relief, Petitioner seeks an order "that these new requirements be immediately removed" and an order requiring "the return of [his] driver's license and employment authorization documents." (*Id.* at 6.)

In a response filed on May 20, 2026, Respondents state that they have "no basis to oppose Petitioner's motion to compel compliance" and "simply ask that the Court allow

Respondents three business days to confirm whether the release conditions are the same, and if not to rectify that immediately, and to verify that Petitioner's belongings have been sent to Petitioner." (Doc. 16.)  However, in a reply filed on May 27, 2026, Petitioner states that "Respondents have neither returned Petitioner's belongings nor removed the additional conditions on his release that were added after the Court's April 28 Order."  (Doc. 17.)

It is frustrating that Respondents apparently still have not come into compliance with the April 28, 2026 order.  Compliance with court orders is not optional.  Even so, the Court is hopeful that the issuance of one final order compelling immediate compliance will do the trick, without the need for more coercive measures.

Accordingly,

**IT IS ORDERED** that:

1.      Petitioner's motion to compel compliance (Doc. 14) is **granted**.

2.      Respondents shall immediately remove any conditions on Petitioner's release that did not exist before his re-detention, including but not limited to any condition that Petitioner report for ICE check-ins as a condition of his release; that Petitioner report to a parole or probation officer; and that Petitioner receive written permission from ICE before moving.

3.      Respondents shall immediately return Petitioner's driver's license and employment authorization document to Petitioner.

Dated this 29th day of May, 2026.

_____
Dominic W. Lanza
United States District Judge